UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JULIUS T. MOORE, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:20-CV-385-WCL-SLC |
| FORT WAYNE CITY OF and FORT WAYNE POLICE DEPARTMENT, | |
| Defendants. | |

OPINION AND ORDER

Julius T. Moore, a prisoner without a lawyer, filed this lawsuit while detained at the Noble County Jail, complaining about events surrounding an arrest and detention in Fort Wayne, Indiana. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Moore alleges that he was suicidal when arrested, and neither the arresting officers nor anyone else who searched him discovered a loaded firearm tucked in his waistband. He says he possessed the firearm upon arrest, throughout an interview at the Fort Wayne Police Department, and then for four days of his detention in the Allen

County Jail. He is suing for the mental anguish he suffered from being suicidal while in possession of a loaded firearm and for the risk the firearm posed to his health.

In this lawsuit, Moore is suing the City of Fort Wayne and the Fort Wayne Police Department. In another lawsuit, Moore sues the Allen County Sheriff and the Allen County Commissioners based on the same set of facts. *See Moore v. Gladieux*, 1:20-cv-386-WCL-SLC (N.D. Ind. filed Nov. 2, 2020). Here, because the events involving the city defendants happened after Moore was arrested but before any probable cause hearing took place, the Fourth Amendment's objective reasonableness standard applies. *See Pulera v. Sarzant*, 966 F.3d 540, 549 (7th Cir. 2020). That standard "requires that arrestees receive reasonable care . . . ." *Id.* at 554. Reasonableness "must be determined in light of the totality of the circumstances." *Id.* at 550.

It is not necessary, however, for the court to determine whether Moore has plausibly alleged a Fourth Amendment claim because he did not allege a cognizable injury under § 1983. A necessary element of a constitutional tort is "that the officer's act . . . caused any injury." *Whitlock v. Brueggemann*, 682 F.3d 567, 582 (7th Cir. 2012). "[T]here is no tort—common law, statutory, or constitutional—without an injury, actual or at least probabilistic." *Jackson v. Pollion*, 733 F.3d 786, 790 (7th Cir. 2013). Although Moore alleges that he was suicidal, he did not actually try to kill himself. And the "mental anguish" he says he suffered by having access to a loaded firearm while suicidal does not constitute an injury he can sue for under § 1983. *Cf. Babcock v. White*, 102 F.3d 267, 272 (7th Cir. 1996) ("[I]t is the reasonably preventable assault itself, rather

than any fear of assault, that gives rise to a compensable claim under the Eighth Amendment.").

Furthermore, even if the mental anguish were a sufficient injury, neither of the named defendants could be held responsible. He sues the City of Fort Wayne and the Fort Wayne Police Department. The police department is not a person or a policy-making unit of government that can be sued for constitutional violations under § 1983 and must be dismissed. *See Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011) (concluding municipal police departments in Indiana are not a suable entity); *Norman v. City of Evanston*, 176 F. App'x 666, 667 (7th Cir. 2006) ("The police department is not a separate entity that can be sued under § 1983, so we have substituted the City of Evanston as the institutional defendant."). As for the City of Fort Wayne, it cannot be held liable under § 1983 simply for the acts of its employees. *See Howell v. Wexford Health Sources*, 987 F.3d 647, 654 (7th Cir. 2021). Section 1983 imposes liability only on those personally involved in a constitutional violation. *See Burks v. Raemisch,* 555 F.3d 592, 594 (7th Cir. 2009) ("Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise."). And so, the city's liability must be based on an act or omission attributable to the city as a whole. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978). The city itself must have unconstitutional policies or practices that caused the injury. *See J.K.J. v. Polk Cnty.*, 960 F.3d 367, 377 (7th Cir. 2020). Nothing in the complaint suggests there is a pattern or practice of the officers in Fort Wayne Police Department conducting inadequate searches.

This complaint does not state a claim for which relief can be granted. Nevertheless, Moore may file an amended complaint if he has additional facts which he believes would state a claim because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to use the court-approved form and should explain in his own words what happened, when it happened, where it happened, who was involved, and how he was personally injured by the events that transpired, providing as much detail as possible. After he properly completes that form addressing the issues raised in this order, he needs to send it to the court.

For these reasons, the court:

(1) DISMISSES the Fort Wayne Police Department;

(2) DIRECTS the clerk to write this cause number on a blank **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form and send it to Julius T. Moore;

(3) GRANTS Julius T. Moore until **July 23, 2021**, to file an amended complaint; and

(4) CAUTIONS Julius T. Moore if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on June 21, 2021.

                                              s/William C. Lee
                                              JUDGE WILLIAM C. LEE
                                              UNITED STATES DISTRICT COURT